**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

**STATE OF MONTANA,**
          Plaintiff,                        **NO. CDC 94-203**

      **vs.**                                    **DECISION**

**George Campros,**
          **Defendant.**

On January 9, 1996, it was ordered that the defendant is sentenced on Count I: Deviant Sexual Conduct, a Felony, to the Department of Corrections for a period of ten (10) years. On Count II: Deviant Sexual Conduct, a Felony, the defendant is sentenced to the Department of Corrections for a period of ten (10) years. On Count III: Unlawful Transactions with a Minor, a Misdemeanor, the defendant is sentenced to the Cascade County Jail for a period of six (6) months. The Court suspends all time on Count III. On Count IV: Unlawful Transactions with a Minor, a Misdemeanor, the defendant is sentenced to the Cascade County Jail for a period of six (6) months. The Court suspends all time on Count IV. All sentences imposed herein shall run concurrently. Defendant shall be subject to the rules and conditions as stated in the January 9, 1996 judgment.

On May 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by attorney Ron Bissell. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 23rd day of May, 1996.

DATED this 4th day of June, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank attorney Ron Bissell for representing George Campros in this matter.

STATE OF MONTANA,
                    Plaintiff,                                          NO. 7194
        vs.                                                           DECISION
Albert Francis Charlo,
                    Defendant.

On April 7, 1986, the defendant was sentenced to twenty (20) years for Aggravated Assault plus ten (10) years for the use of a dangerous weapon; the sentences shall be served consecutively; $20 surcharge; 185 days credit for time served; dangerous designation.

On May 24, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was represented by Fred VanValkenburg, Deputy County Attorney from Missoula.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 24th day of May, 1996.

DATED this 4th day of June, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Albert Charlo for representing himself in this matter and also Fred VanValkenburg for representing the State.